## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| JAMES BEHRMANN, *et al.*, | § | |
|      Plaintiffs, | § | |
| | § | |
| v. | § | CIVIL CASE NO. H-09-2066 |
| | § | |
| CONOCOPHILLIPS COMPANY, | § | |
|      Defendant. | § | |

## MEMORANDUM AND ORDER

This case is before the Court on Plaintiffs' Motion to Remand [Doc. # 7], to which Defendant ConocoPhillips Company ("ConocoPhillips") filed a Response [Doc. # 8], and Plaintiffs filed a Reply [Doc. # 10]. Based on a careful review of the full record and the application of governing and other legal authorities, the Court concludes that Plaintiffs' claims are not preempted by the Employee Retirement Income Security Act ("ERISA"). Consequently, the Court lacks subject matter jurisdiction over this dispute and Plaintiffs' Motion to Remand is **granted**.

## I.    BACKGROUND

Plaintiffs were employed by Burlington Resources, Inc. ("Burlington") until March 31, 2006. During that time, they were parties to a 2002 Stock Incentive Plan, a 1998 Phantom Stock Plan, and a Petrotech Long Term Incentive Plan (collectively,

the "Stock Plans").  Under the terms of Stock Plans, Plaintiffs were entitled to certain

stock options and other stock benefits that would become vested in the event of a

change in control and would remain vested if an employee's subsequent resignation

was for "Good Reason" as that term was defined in the Burlington Resources'

Employee Change of Control Severance Plan ("Severance Plan").[1]  It is undisputed

that the Stock Plans are non-ERISA plans and the Severance Plan is an ERISA plan.

Effective March 31, 2006, ConocoPhillips acquired Burlington, which

constituted a change in control for purposes of the Stock Plans.  Plaintiffs resigned

from ConocoPhillips after the merger.  Plaintiffs allege that, although their resignation

was for "Good Reason," they were denied the stock benefits to which they were

entitled under the Stock Plans.

Plaintiffs filed this breach of contract lawsuit in Texas state court alleging that

Defendant breached the Stock Plans.  Defendant filed a Notice of Removal, asserting

that Plaintiffs' claims in the state court lawsuit are preempted by ERISA.  Plaintiffs

---

[1]    Specifically, the 2002 Stock Incentive Plan provides in paragraph 2.9 that the term "Good Reason" "shall have the same meaning as set forth in the Company's Employee Change in Control Severance Plan, as it may be amended from time to time."  The 1998 Phantom Stock Plan provides in amended Section 6.6 that "Good Reason" is applied "as such term is defined in the Company's Employee Change in Control Severance Plan."  The Petrotech Long Term Incentive Plan provides in amended Section 2.7 that "severance means a termination of employment that entitles the Plan Participant to benefits under the Burlington Resources Inc. Employee Change in Control Severance Plan."

moved to remand, the motion has been fully briefed, and the issue is now ripe for decision.

## II.    REMOVAL JURISDICTION

A lawsuit filed in state court may be properly removed to federal court if the claim is one "arising under" federal law. *See Crossroads of Texas, LLC v. Great-West Life & Annuity Ins. Co.*, 467 F. Supp. 2d 705, 708 (S.D. Tex. 2006) (citing 28 U.S.C. §§ 1331, 1441(a)).  Congress may preempt a particular area so completely "that any civil complaint raising this select group of claims is necessarily federal in character." *Arana v. Ochsner Health Plan*, 338 F.3d 433, 437 (5th Cir. 2003) (*en banc*) (quoting *Metropolitan Life Ins. Co. v. Taylor,* 481 U.S. 58, 63-64 (1987)).  For example, state law claims seeking relief within the scope ERISA must be treated as arising under federal law, and as such, are removable to federal court.  *Crossroads*, 467 F. Supp. 2d at 708.

Federal courts are courts of limited jurisdiction and, as a result, a party removing an action from state to federal court bears the burden of establishing that the federal court has subject matter jurisdiction over the dispute.  *Willy v. Coastal Corp.,* 855 F.2d 1160, 1164 (5th Cir. 1988); *Crossroads*, 467 F. Supp. 2d at 708; *Century Assets Corp. v. Solow*, 88 F. Supp. 2d 659, 660 (E.D. Tex. 2000).  All doubts regarding whether a lawsuit is properly removable must be resolved against removal

and in favor of remand.  *See Manguno v. Prudential Prop. and Cas. Ins. Co.*, 276 F.3d

720, 723 (5th Cir. 2002); *Crossroads,* 467 F. Supp. 2d at 708.

## III.    ERISA PREEMPTION ANALYSIS

ERISA allows a civil lawsuit to be filed by an ERISA plan participant or

beneficiary to "recover benefits due to him under the terms of his plan, to enforce his

rights under the terms of the plan, or to clarify his rights to future benefits under the

terms of the plan."  29 U.S.C. § 1132(a)(1)(B); *Aetna Health Inc. v. Davila*, 542 U.S.

200, 210 (2004).  Defendant argues that Plaintiffs, participants in the Severance Plan,

are complaining of the denial of benefits to which they are entitled only because of the

terms of the Severance Plan.  The record does not support Defendant's argument.

Instead, Plaintiffs are suing as participants in the non-ERISA Stock Plans.  They are

seeking to enforce their rights under the non-ERISA Stock Plans, not under the

Severance Plan.[2]  Where, as here, plaintiffs are not seeking to recover benefits under

an ERISA plan, to enforce rights under an ERISA plan, or to clarify rights to future

benefits under an ERISA plan, there is no preemption based on § 502(a)(1)(b).  *See*

*Aetna*, 542 U.S. at 214; *Woods v. Texas Aggregates, L.L.C.*, 459 F.3d 600, 604 (5th

Cir. 2006).

---

[2]    The Court notes that Plaintiffs filed an ERISA lawsuit in federal court in North
Carolina seeking to enforce their rights under the Severance Plan, but dismissed that
lawsuit with prejudice.

Defendant also argues that Plaintiffs' state law claims are preempted by ERISA because they "relate to" an ERISA plan.  ERISA preempts all state laws to the extent they "relate to" any ERISA benefit plan.  28 U.S.C. § 1144(a).  "Although the term 'relate to' is intended to be broad, 'pre-emption does not occur . . . if the state law has only a tenuous, remote, or peripheral connection with covered plans, as is the case with many laws of general applicability.'"  *Mayeaux v. Louisiana Health Serv. and Indem. Co.*, 376 F.3d 420, 432 (5th Cir. 2004) (quoting *New York State Conf. of Blue Cross & Blue Shield Plans v. Travelers Ins. Co.*, 514 U.S. 645, 661 (1995)).  "ERISA preempts a state law claim if a two-prong test is satisfied: (1) [t]he state law claim addresses an area of exclusive federal concern, such as the right to receive benefits under the terms of an ERISA plan; and (2) the claim directly affects the relationships among traditional ERISA entities -- the employer, the plan and its fiduciaries, and the participants and beneficiaries.  *Id.* (citing *Smith v. Texas Children's Hosp.*, 84 F.3d 152, 155 (5th Cir. 1996); *Hubbard v. Blue Cross & Blue Shield Ass'n*, 42 F.3d 942, 945 (5th Cir. 1995).

The Court is not persuaded that Plaintiffs' state law breach of contract claim is preempted by ERISA as "related to" an ERISA plan.  The state law breach of contract claim does not address an area of exclusive federal concern, such as the right to receive ERISA benefits, because Plaintiffs do not claim in this lawsuit that they were

wrongfully denied benefits under the ERISA plan or that the ERISA plan was improperly administered. *See E.I. DuPont de Nemours & Co. v. Sawyer*, 517 F.3d 785, 800 (5th Cir. 2008). Plaintiffs argue that they are entitled to receive benefits under non-ERISA Stock Plans which simply incorporate a definition from an existing ERISA plan. The Stock Plans and the ERISA plan are administered by different entities for different purposes, and there is nothing to indicate that the ERISA administrator's application of the "Good Reason" definition from the ERISA plan is affected in any way by the Stock Plans administrator's application of that borrowed definition. As noted by a federal district court in Kentucky in a very similar case, "the possible reference to an ERISA plan does not affect the plan in any significant way, but simply takes it into account when determining" rights under a non-ERISA plan. *Miller v. PPG Indus., Inc.*, 237 F. Supp. 2d 756, 763 (W.D. Ky. 2002).

Additionally, Plaintiffs' state law breach of contract claim relates only to the contractual relationship between the employer and the employee and "does not touch upon the relationship between the ERISA plan and its beneficiary." *See id.* Plaintiffs are not suing as participants in an ERISA plan, and the Stock Plans are not administered by the ERISA plan administrator. Nothing in the ERISA plan is affected by Plaintiffs' claim for benefits under the Stock Plan. The only relationship between Plaintiffs' breach of contract claim and the ERISA plan is that the Stock Plans borrow

the definition of "Good Reason" from the ERISA plan.  Such a  relationship is much

too "tenuous, remote, and peripheral" to support ERISA preemption.  *See Miller v.*

*PPG Indus., Inc.*, 237 F. Supp. 2d 756, 763-64 (W.D. Ky. 2002).

## IV.    <u>CONCLUSION AND ORDER</u>

Plaintiffs' state law claims involve three stock option contracts that are not

ERISA plans.  Plaintiffs are not seeking to recover benefits under an ERISA plan, to

enforce rights under an ERISA plan, or to clarify rights to future benefits under an

ERISA plan.  The incorporation of a definition for "Good Reason" taken from a

different contract that is an ERISA plan involves a connection with that ERISA plan

that is too "tenuous, remote, or peripheral" to support federal jurisdiction based on

ERISA preemption.  Consequently, it is hereby

**ORDERED** that Plaintiffs' Motion to Remand [Doc. # 7] is **GRANTED** and

this case is remanded to the **11th Judicial District Court of Harris County, Texas**,

for lack of subject matter jurisdiction.

SIGNED at Houston, Texas, this 21<u>st</u> day of **September, 2009**.

Nancy F. Atlas
United States District Judge